SIDNEY BRILL, Respondent, v. CHASE MANHATTAN BANK, Appellant.—

Concur — Breitel, Rabin and Valente, JJ.; Botein, P. J. and Steuer, J., dissent in part in the following memorandum: We concur with the result reached by the majority insofar as it finds the granting of summary judgment to the plaintiff to be improper, but we go further and maintain that judgment should have been granted to the defendant. In so doing we do not reach the question of whether the check was payable in pesos or in dollars. Assuming that it was payable, as plaintiff maintains, in dollars, it is clearly an exchange contract. The check was issued in return for a deposit with the defendant bank in Cuba of pesos. It naturally followed that, if it were payable in dollars, it represented a purchase of the equivalent amount of dollars for Cuban pesos. This is what an exchange contract is. By the Articles of Agreement of the International Monetary Fund (U. S. Code, tit. 22, § 286), all such contracts are subject to the exchange control regulations of the government of the country in which the transaction was made, and enforcible in the territories of all member governments. By the exchange regulations of Cuba, the removal of the check from Cuba was a violation of its monetary regulations and, hence, the transaction, if sought to be enforced here, would be illegal. This would necessitate a holding that the only place where legal performance was possible would be in Havana. Presentation of the check to the defendant in Havana could not result in payment because of the expropriation of the defendant's funds in its Havana branch. As the check for that reason is only payable in Havana the Banking Law (§ 138, subd. 1) provides that where a local bank has a branch in a foreign country it is only liable for the performance of contracts to be performed at such branch, if a local bank of the foreign country would be so liable. By "laws" are included decrees and regulations of a dominant authority in the foreign country. The local bank in the foreign country would be excused from performance by the confiscation order of the Cuban government, which transferred the liability to the National Bank of Cuba. Plaintiff would be limited to seeking redress at

that source and could not prevail against this defendant. Hence, summary judgment should have been ordered in its favor.